## MARY F. KENNEDY v. CITY OF ST. CLOUD.[1]

November 20, 1903.

Nos. 13,706—(97).

**Defective Sidewalk—Proximate Cause—Charge to Jury.**

In an action to recover damages for an injury caused by a defective sidewalk, *held*:

1. The evidence was sufficient to sustain a finding of the jury that the defective sidewalk was the proximate cause of the injury.

2. The defendant requested the court to instruct the jury that if they believed the evidence of certain witnesses, who testified that before the accident they had inspected and repaired the sidewalk, the city would not be liable, and also that if the evidence showed the sidewalk had been examined before the accident, and no defects were apparent, as disclosed by a test in the ordinary use of such sidewalk, then the city would not be liable. *Held*, it was not error to refuse such instructions, as they withheld from the jury the determination of the question whether a proper inspection and examination had been made.

3. The court properly submitted the question at issue to the jury, and no reversible error is disclosed.

Action in the district court for Stearns county to recover $5,221.17 for personal injuries resulting from a fall caused by a defective sidewalk. The case was tried before Searle, J., and a jury, which rendered a verdict in favor of plaintiff for $1,450. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.·

[1] Reported in 97 N. W. 417.

*James R. Bennett, Jr.,* City Attorney, and *David T. Calhoun,* for appellant.

*Theo. Bruener,* for respondent.

LEWIS, J.[2]

Respondent's claim is that her husband and herself (elderly people) were walking along the sidewalk in appellant city on a Sunday morning; that the husband, who was on the outside of the walk, stepped upon the end of a plank, which, being loose, tipped up, causing respondent to trip and fall. On cross-examination both respondent and her husband admitted that at the time of the accident they did not see the plank raise up, but the husband testified that immediately thereafter he examined the sidewalk, and found the plank loose, and, by placing his ·foot on it, discovered it would raise up. Both admitted that, to all appearances, there was nothing to call their attention to the fact that the plank was loose. The defense introduced testimony tending to show that the street commissioner and certain other persons had inspected the sidewalk in question a day or two previous to the accident, and had made a close examination thereof, and nailed down all the loose boards. The assignments of error raise the question as to the sufficiency of the evidence tending to show that the injury was caused by a defect in the sidewalk, and also question the correctness of the rulings of the court in refusing to give certain instructions, and in giving others; but, with two or three exceptions, they may all be disposed of with the statement that no error was committed in refusing appellant's instructions, because the same propositions were substantially covered in the general charge.

1. It was not necessary that respondent and her husband should actually see that the plank was loose, and that it raised up under pressure. Such an occurrence might take place without either party actually having their eyes upon it at the time. 'Both testified that respondent tripped and fell at a certain place, and the husband immediately thereafter identified the spot, found the loose plank, and stated the cause of .the fall. · It does not follow from this that the conclusion of the jury was based upon the mere opinion of the witness, but it was for the jury to determine, as a fact, whether, under all the cir-

[2] Start, C. J., absent, sick, took no part.

cumstances, considering the condition of the sidewalk and the manner in which respondent tripped, such fall was caused by the defect.

2. Appellant requested the court to instruct the jury as follows:

> "If the sidewalk was inspected and tested at the times and in the manner testified to by the witnesses Schaefer and Meyer, and such inspections and tests failed to disclose any defective condition in the walk, or if defects were disclosed and properly remedied, then the city would not be liable." Also: "If the evidence shows that the sidewalk was examined shortly before the accident, as claimed by defendant, and there were no defects apparent or suggested by its appearance, and were not disclosed by a test in the nature of the ordinary use of such walks, then the city would not be liable without actual notice, of which there is no evidence in this case."

These requests were not given in this phraseology, but the court, in substance, instructed the jury that if the city made such an inspection of the walk as ordinary care and prudence would require, and found it to be in good condition, or, if not in good condition, it then made it so, then the city would not be liable, but if at that time it failed to exercise the care it ought, to discover the defect, then the city would be liable. Again: If appellant exercised that caution and prudence it ought to have exercised—if it made examination of the sidewalk from time to time, as it ought to have examined it, bearing in mind the condition, age, and character of the walk, and found no defects, or if it found defects and repaired the same—then the city was not liable.

The requests were properly refused, because appellant omitted an essential element. It did not follow, as a matter of law, that the representatives of the city made a proper inspection, even if the jury believed they spoke the truth. According to the evidence, the inside stringer of the sidewalk was more or less decayed. Several planks in that block had been loose, and were nailed down a day or two previous to the accident. The court was not obliged to accept the inspection testified to by the representatives as being sufficient as a matter of law. It was properly a question for the jury to determine whether, under all the circumstances, ordinary care and prudence had been exercised on be-

half of the city to discover defects of that character, and to take proper steps to repair the same.

3. As before stated, the assignments of error called into question several instructions and rulings; but, upon reading the entire charge, it is apparent that no error was committed in the particulars referred to. The cause was submitted to the jury upon the broad proposition that primarily the duty was imposed upon the city to keep its sidewalks in a reasonably safe condition, and for that purpose it was required to make reasonable inspection of the same for the purpose of detecting defects, but that it was not required to discover hidden or latent defects, yet was required to take notice of the fact that wooden sidewalks were liable to decay and get out of repair, and that it was for the jury to determine, under all the circumstances of the case, whether appellant had exercised ordinary care in making an inspection, and in repairing defects if discovered.

We find no reversible error, and the order of the court is affirmed.

